**GENERAL CAPITAL CORP. v. SOUTHERN INDEMNITY CO.**

Circuit Court, Dade County, Civil Appeal.

July 30, 1957.

Talianoff & Waller, Miami Beach, for appellant.

George B. Pomeroy and Brown, Dean, Adams & Fischer, all of Miami, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The complaint alleges, in substance, that Carl Meeks bought an automobile under a retain title contract; that the seller insured it in the Southern Indemnity Company; that the General Capital Corporation purchased the contract from the seller and was the holder of it; that Southern thereafter changed the name of the assured to Carl Meeks and added a "loss payable clause" whereby it agreed to pay General for any loss or damage to the car to the extent of its interest; that Meeks failed to make the first instalment due under the contract and General authorized a detective agency to repossess the car; that in the course of the repossession, which was peaceful and lawful, the automobile was involved in an accident, damaging it to the extent of $500.

By way of amendment to the complaint it was alleged that the loss payable clause read as follows—

"Loss or damage, if any, under the policy shall be payable as interest may appear to General Capital Corp. . . . and this insurance as to the interest of the . . . Conditional Vendor . . . shall not be invalidated by any act or neglect of the . . . Owner of the . . . automobile nor by any change in the title or ownership of the property."

By second amendment to the complaint a copy of (a) the policy, (b) the conditional sales contract, (c) the endorsement, and (d) the "loss payable clause" were made a part of it.

By third amendment to the complaint it was alleged that the owner of the car purchased from Southern an automobile insurance policy which included therein coverage for collision or upset damage (coverage E) to the automobile to the extent of the actual cash value less $50.

To characterize this pleading as "sloppy" is putting it mildly.

The judge of the civil court of record, by order dated April 12, 1956, granted a motion to dismiss the complaint without further leave to amend. General appealed.

Southern vigorously contends that the cause of action is controlled by coverage D of the policy, which provides—

*"Coverage D—Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset:* To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object *or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached.* Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

General, with equal force, contends that the case is governed by coverage E—

*"Coverage E—Collision or Upset:* To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile *with another object or by upset of the automobile,* but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

The court is unable to agree with Southern in view of the language of the third amendment to the complaint that the owner of the car purchased a policy which included coverage for collision or upset damage (coverage E) to the automobile. If this allegation is denied by Southern and it can be shown that there was no premium paid for this coverage, the insurance company doubtless will prevail, but at this stage of the case there is apparent liability. Collision with a vehicle to which the automobile is attached is not

among the "exclusions" enumerated in the policy. Under well settled principles of law a policy is construed most strictly against the insurer.

The mortgage clause apparently protects the beneficiary (General) against invalidation by any act or neglect of the owner of the automobile or by any change in the title or ownership of the property. As to how long this protection would continue after the car was repossessed is not decided, but apparently the damage occurred shortly after the repossession took place.

It follows, therefore, that the judgment of the civil court of record in dismissing the third amended complaint was error and its order of April 30, 1956, recorded in civil court of record minutes no. 99, at page 548, is hereby reversed.